# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONALD BLISS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17-CV-439-GKF-JFJ |
| CASEY HAMILTON, JOE ALLBAUGH, and JOYCERIE AZARIAN, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On July 28, 2017, Plaintiff, a pro se prisoner presently in custody at William S. Key Correctional Center in Fort Supply, Oklahoma, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). His amended motion to proceed *in forma pauperis* (Dkt. 7) was granted on September 11, 2017, and the initial partial filing fee was paid on October 5, 2017 (Dkt. 12).

Plaintiff brings this action under the authority of 42 U.S.C. § 1983, seeking monetary and injunctive relief for alleged constitutional violations during his incarceration at Northeast Oklahoma Correctional Center (NEOCC), a Department of Corrections ("DOC") facility located in Vinita, Oklahoma. The three defendants are Casey Hamilton, NEOCC Warden; Joe Allbaugh, DOC Director; and Joycerie Azarian, NEOCC Law Library Supervisor.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. Nonetheless, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id.* A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Motion for Appointment of Counsel**

On September 14, 2017, Plaintiff filed a motion for appointment of counsel (Dkt. 11). The Court has discretion to appoint an attorney to represent an indigent plaintiff where, under the totality of the circumstances, the denial of counsel would result in a fundamentally unfair proceeding. *McCarthy v. Weinberg*, 753 F.2d 836, 839-40 (10th Cir. 1985). The Tenth Circuit Court of Appeals has stated that "if the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation and internal quotation marks omitted). After reviewing the merits of Plaintiff's case, the nature of the factual issues involved, Plaintiff's ability to investigate the crucial facts, the probable type of evidence, Plaintiff's capability to present his case, and the complexity of the legal issues, *see Rucks*, 57 F.3d at 979; *McCarthy*, 753 F.2d at 838-40; *Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981), Plaintiff's request for appointment of counsel is **denied**.

**Motion for Extension of Time to Pay Initial Partial Filing Fee**

On October 6, 2017, Plaintiff submitted a letter requesting an extension of time to pay the initial partial filing fee for this action, which the Court construed as a motion for extension of time for this purpose (Dkt. 13). The record shows that the initial partial filing fee was paid on October

5, 2017 (Dkt. 12). Therefore, Plaintiff's motion for extension of time to pay the initial partial filing fee is **deemed moot**.

## BACKGROUND

Plaintiff states the nature of his case as follows:

> On July 20, 2017, by virtue of authority vested by Defendant Allbaugh, suspended Plaintiff's law library privileges for (30) days. Which encompasses a properly notified and verifiable court deadline, which pertains to the Okla. Dept. of Corrections, and is due to expire August 12, 2017, within the (30) days. It is Plaintiff's dire beliefs that this is done because of the lawsuit and total disregard to Plaintiff's constitutional rights of access to the courts, and not because of a violation of OP-030117, I.A.4 as claimed.

(Dkt. 1 at 3).

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in Count I of his complaint that he was denied access to the courts pursuant to a letter he received from Defendant Warden Casey Hamilton, dated July 20, 2017 (Dkt. 1 at 3, 6). The letter was a formal notification of a 30-day law library restriction because of Plaintiff's violation of inmate correspondence guidelines (Dkt. 1 at 6). The letter also advised that if Plaintiff required access to any legal materials during the restriction period, he could complete a Legal Material Request Form. *Id.*

In Count II of the complaint, Plaintiff claims he was denied access to an adequate law library when the law library supervisor was not at work to open the library for three days in June, presumably of 2017, and for three unspecified additional days. *Id.* at 3-4. Plaintiff also asserts that as of July 25, 2017, he would be without a law clerk to assist with his legal matters. *Id.* at 4.

In Count III, Plaintiff alleges he was subjected to cruel and unusual punishment on June 28, 2017, when Defendant Joycerie Azarian lied in writing a misconduct charging Plaintiff with

4

Disobedience to Orders. *Id.* at 4. Azarian's misconduct report allegedly stated that Plaintiff had disobeyed her verbal orders and policies by receiving money from another inmate in exchange for providing legal work. *Id.* Plaintiff complains that Azarian never named the inmate Plaintiff allegedly charged for legal work. *Id.* Plaintiff also asserts that three misconducts written over a three-day period resulted from his pending litigation against the Department of Corrections and the fact that Plaintiff had used the grievance process against Azarian. *Id.*

## ANALYSIS

**Eleventh Amendment Immunity**

The three defendants named in the complaint are employees of an agency of the State of Oklahoma. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1988) (holding that state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official). Therefore, Plaintiff's claims against the defendants in their official capacities are barred by the Eleventh Amendment. *See Callahan v. Poppell*, 471 F.3d 1155, 1158-59 (10th Cir. 2006) (noting that because "Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court," any claims for money damages against prison staff acting in their official capacities are barred by the Eleventh Amendment).

**Personal Participation**

Plaintiff alleges in the complaint that Defendant DOC Director Joe Allbaugh acted under color of state law "by his authority and respondeat superior" (Dkt. 1 at 1). Under the "Nature of

Case" section of the complaint, Plaintiff claims his law library privileges were suspended "by virtue of authority vested by Defendant Allbaugh." *Id.* at 3. In Count III, Plaintiff alleges Defendant Azarian, the law library supervisor, was "placed into her position by Defendant[s] Hamilton and Allbaugh." *Id.* at 4.

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id.* Further, "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Here, the Court finds Plaintiff has failed to allege the personal participation of Defendant Allbaugh in the alleged constitutional violations. Therefore, Plaintiff has failed to state a claim against Allbaugh in his individual capacity.

**Access to the Courts and Denial of Adequate Law Library**

Plaintiff alleges he was denied access to the courts when his law library privileges were suspended. He also claims he was denied access to an adequate law library when the law library was closed for six days, and by the expected absence of a law clerk.

It is undisputed that access to the courts and the means to effectuate such access are fundamental constitutional rights. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, "the constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which

6

access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399 (10th Cir. 1996) (citations omitted). The Constitution requires only that reasonable access to the courts be permitted. *Johnson v. Avery*, 393 U.S. 483, 490 (1969); *Ford v. Schmidt*, 577 F.2d 408, 410 (7th Cir. 1978), *cert. denied*, 439 U.S. 870 (1978). In determining whether the access afforded an inmate is reasonable, the test to be applied is whether the access is "adequate, effective, and meaningful." *Bounds*, 430 U.S. at 822.

To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). The injury requirement, however, "is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354.

According to the July 20, 2017, letter to Plaintiff from Warden Hamilton, a 30-day law library restriction was imposed upon Plaintiff (Dkt. 1 at 3). Plaintiff, however, was advised that during the restriction period, he could access legal materials by completing a Legal Material Request Form. *Id.* The Court, therefore, concludes Plaintiff had reasonable access to the courts.

Furthermore, Plaintiff has failed to show he suffered an actual injury from the restriction. Although Plaintiff mentions a "properly notified and verifiable court deadline" pertaining to the DOC in his statement of the Nature of Case (Dkt. 1 at 3), he has failed to provide any details of the alleged deadline. He also has not alleged whether or how he was prejudiced by the restriction, or by the few days when the law library supervisor did not open the library, or by the alleged absence of a law clerk. The Court, therefore, concludes Plaintiff has not stated a claim for denial of access to the courts or denial of an adequate law library.

**Eighth Amendment Claim**

Finally, Plaintiff alleges in Ground III that Defendant Azarian violated the prohibition against cruel and unusual punishment when she filed a false misconduct charging him with Disobedience to Orders. He also asserts that Azarian issued him three misconducts in response to Plaintiff's litigation against the DOC and because he had used the grievance process against Azarian.

The Court finds these allegations are vague and conclusory, and the allegations do not rise to the level of an Eighth Amendment violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

To the extent Plaintiff's claims could be construed as alleging a retaliation claim against Azarian, a plaintiff alleging retaliation for his exercise of constitutional rights "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990) (quoting *McDonald v. Hall*, 641 F.2d 16, 18 (1st Cir. 1979)). "[I]t is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990). The Court finds

Plaintiff has failed to meet this standard. Ground III of the complaint also fails to state a claim.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for appointment of counsel (Dkt. 11) is **denied**.

2. Plaintiff's motion for extension of time to pay initial partial filing fee (Dkt. 13) is **deemed moot**.

3. Plaintiff's complaint (Dkt. 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

4. Plaintiff remains obligated to pay in monthly installments the balance of the **$350** filing fee for this case.

5. The Clerk is directed to **flag** this dismissal as a "prior occasion" pursuant to 28 U.S.C. § 1915(g).

6. This is a final Order terminating this action.

**DATED** this 13th day of February 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT